[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13500
_____

D.C. Docket No. 6:12-cr-00018-BAE-GRS-17

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE GERARD STANTON,
a.k.a. T-Bone,
RODNEY LORENZO SCOTT,
a.k.a. Rocket G.,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(December 16, 2014)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Co-defendants Terrance Stanton and Rodney Scott each appeal their total sentences of life imprisonment. Stanton and Scott were tried jointly over the course of a three-day trial by jury. The jury found Stanton guilty of one count of conspiracy with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, one count of distributing cocaine, in violation of 21 U.S.C. § 841, and seven counts for the use of a communication facility, in violation of 21 U.S.C. § 843(b). The jury found Scott guilty of one count of conspiracy with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and three counts for the use of a communication facility, in violation of 21 U.S.C. § 843(b). After the district court imposed its sentence, both Stanton and Scott timely appealed.

On appeal, Stanton and Scott raise the following issues:

1. Whether the district court abused its discretion by admitting recorded conversations into evidence at trial without first laying the proper foundation for the identity of the speakers?

2. Whether the district court abused its discretion by admitting the government's charts into evidence without first requiring the government to lay a proper foundation?

3. Whether the district court abused its discretion by admitting evidence of Stanton's prior convictions under Federal Rule of Evidence 404(b)?

4. Whether the district court committed plain error by admitting into evidence Scott's prior convictions as substantive evidence of Scott's participation in the conspiracy?

5. Whether the district court abused its discretion by admitting into evidence photographs of Scott's drug-related tattoos as substantive evidence of his participation in the conspiracy?

2

6. Whether the district court committed reversible error by admitting into evidence Scott's tax history or lack thereof?

7. Whether the district court abused its discretion when it admitted the state parole office's records regarding Scott's contact telephone number?

8. Whether the district court abused its discretion by limiting inquiry into witness Matthew Hawkins's prior criminal conduct to conduct that resulted in a conviction?

9. Whether the district court committed clear error when calculating Stanton's sentence by considering prior convictions as part of Stanton's criminal history, rather than considering those prior convictions as part of the instant conspiracy?

10. Whether the district court committed reversible error by failing to consider prior state court sentences as separate cases for recidivist purposes and pursuant to 21 U.S.C. § 841(b)(1)(A)?

11. Whether the district court committed clear error when estimating the drug quantity attributable to Stanton's offense?

12. Whether the district court committed clear error when it applied a two-level enhancement for Stanton's use of a firearm during the commission of the offense?

13. Whether the district court committed clear error when it applied a three-level enhancement for Stanton's role as a supervisor during the commission of the offense?

14. Whether the district court committed clear error when it applied a three-level enhancement for Scott's role as a supervisor during the commission of the offense?

15. Whether Scott's sentence was excessive and constituted cruel and unusual punishment in violation of the Eighth Amendment?

16. Whether the district court committed reversible error when it found Stanton permanently ineligible for federal benefits as a result of his prior

state court convictions involving the distribution of controlled substances?

After a review of the parties' briefs and having had the benefit of oral argument, we conclude that all of these issues lack merit, and, therefore, we affirm both Stanton's and Scott's convictions and sentences.

**AFFIRMED.**